No. 86-303

IN THE SUPREME COURT OF THE STATE OF MONTANA

1986

_____

CITY OF BILLINGS,

        Plaintiff and Respondent,

  -vs-

RAYMOND K. PEETE,

        Defendant and Appellant.

_____

APPEAL FROM: District Court of the Thirteenth Judicial District,
In and for the County of Yellowstone,
The Honorable G. Todd Baugh, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Sandall, Cavan, Smith, Howard & Grubbs; John J.
Cavan, Billings, Montana

    For Respondent:

        Bonnie Sutherland, City Attorney's Office,
Billings, Montana

_____

Submitted: September 18, 1986

Decided: November 24, 1986

Filed: NOV 24 1986

*Ethel M. Harrison*
_____
Clerk

Mr. Justice Frank B. Morrison, Jr. delivered the Opinion of the Court.

Raymond K. Peete, defendant, was convicted in Billings City Court of violating § 61-8-401(1)(a), MCA, driving while under the influence of alcohol. He appealed his conviction to Yellowstone County District Court. Defendant filed a motion to dismiss, alleging that he was not operating a motor vehicle "upon the ways of the state open to the public," as required by the statute. The motion to dismiss was denied. Defendant was again convicted of violating § 61-8-401(1)(a), MCA. Defendant appeals the District Court's failure to grant his motion to dismiss. We affirm.

Defendant's motion to dismiss was accompanied by a stipulation of facts. The following facts are taken from that stipulation:

Defendant was arrested at approximately 10:30 p.m., August 2, 1984, in the Northern Hotel parking garage for driving while under the influence of alcohol.

The parking garage is a privately owned and operated facility. It consists of five levels of parking spaces. The spaces on the ground level and the below-ground level are rented on a monthly basis. The top three levels are available to the general public for an hourly fee. After 5:00 p.m., the general public may also use unoccupied spaces on the two lower levels.

Use of the garage is controlled by employees of the owner of the garage. The parking attendant occupies a ticket booth located between the entry and exit lanes of the facility. Patrons entering the garage receive a ticket from the attendant who is stationed at the ticket booth. Upon exiting the parking facility, the patron must stop at the ticket booth, show the attendant his ticket and pay the appropriate fee. All patrons use the same entry and exit. However, monthly renters need not stop at the booth.

2

Defendant rents a parking space on the below-ground level. On the night he was arrested, defendant was exiting the lowest level via an up-ramp when his vehicle collided with a motorcycle parked in an area near the ramp reserved for bicycles and motorcycles. Defendant advised the parking attendant of the accident and was subsequently arrested.

The sole issue raised on appeal is:

Did defendant, Raymond Peete, operate a motor vehicle "upon the ways of the state open to the public", within the meaning of § 61-8-401, MCA, when he operated his vehicle within a privately owned and operated parking garage in Billings, Montana?

The statute under which defendant was charged, § 61-8-401, MCA, states:

Persons under the influence of alcohol or drugs. (1) It is unlawful and punishable as provided in 61-8-714 for any person who is under the influence of:
(a) alcohol to drive or be in actual physical control of a vehicle upon the ways of this state open to the public.

"Ways of this state open to the public" is defined at § 61-8-101(1), MCA, as "any highway, road, alley, lane, parking area, or other public or private place adapted and fitted for public travel that is in common use by the public."

Defendant contends that the Northern Hotel's parking garage is neither "adapted and fitted for public travel" nor "in common use by the public" because there is only one way to access the facility, access is achieved only upon obtaining a ticket from the parking attendant and use of the facility requires payment of a monthly or hourly fee. The City of Billings contends that the statute refers to any parking area, including private parking garages; or, in the alternative, that the garage is "adapted and fitted for public travel that is in common use by the public" because the general public is permitted to use the facility for a small fee.

3

Section 61-8-401(1), MCA, was enacted in its present form by the 1983 Montana legislature. Because the language defining "the ways of this state open to the public" is less than clear, especially the term "in common use by the public", we turn to the legislative history to determine what the legislature had in mind.

Our statute is patterned after a City of Seattle traffic ordinance, Seattle Traffic Code §§ 11.12.1020 and 11.14.715.

> . . . any road, alley, lane, parking area or any place, private or otherwise, adapted to and fitted for travel, that is in common use by the public with the consent, express or implied, of the owner or owners thereof.

The initial legislation before our 1983 legislature included the words "with the express or implied consent of the owner" at the end. The phrase was deleted, however, to eliminate the burden of proving consent when the arrest was made in a private parking lot.

> [Betty Wing, Deputy County Attorney for Missoula County] also advised that when they go to court they have to prove everything that is in this language and the language on the end says "with the express or implied consent of the owner"; she did not think that this adds anything, and it is just one more thing they are going to have to prove. She indicated that they would have to bring in the manager of K-Mart to show that they do have express or implied consent and this would just be another hassle for them.
>
> * * *
>
> CHAIRMAN BROWN said that he has problems understanding the language "with the express or implied consent of the owner" as this could get in the way in connection with parking lots, the lot in front of the bar, or the lot at the shopping center and he wondered if . . . any of this would be a major problem with this language left as it is. MS. WING replied that it is hard to look at the future, but it appears to be one more conflict that can come up in a trial and she felt that clearly, in any parking lot or driveway, [one] does have the express or implied consent of the owner but it gets technical in legal terms to prove what implied consent is.

House Judiciary Committee Minutes, March 11, 1983, pp. 4, 6.

Furthermore, when Chairman Brown questioned whether "the language 'in common use by the public' would imply that the

4

bar parking lot, etc. would not be affected", Representative Keyser claimed that the whole phrase "fitted for public travel that is in common use by the public", would cover private parking lots. House Judiciary Committee Minutes, March 22, 1983, p. 16. Granted, a legislator's thoughts on what a statute means are not binding on this Court. However, from the discussion had in both the House and Senate Judiciary Committees with respect to this statute, it is clear that the statute was intended to include the operation of a motor vehicle within a private parking lot, as long as that lot is fitted for public travel and in common use by the public. The Northern Hotel's parking garage fits the definition.

This decision is consistent with Washington court opinions interpreting the City of Seattle's traffic ordinance.

In City of Seattle v. Wright (Wash. 1967), 433 P.2d 906, defendant was arrested for driving, while intoxicated, upon an improved, 25 foot wide, hard-surface road owned by the Union Pacific Railroad. One of the four entries onto the two-block road was posted "Private Thoroughfare - 10 M.P.H." However, local residents parked along the sides and used the road to access their homes. Commercial vehicles also regularly used the road. The Washington Supreme Court found the road to be a "road . . . adapted to and fitted for travel, that is in common use by the public with the consent, express or implied, of the owner. . ." because its surface was similar to nearby public thoroughfares and because the only restriction on travel imposed by the owner was a ten mile per hour speed limit.

Likewise, here, the parking garage is paved. Driving areas are clearly indicated and the only restriction on travel imposed by the owner is that of the payment of a fee.

5

City of Seattle v. Tolliver (Wash.App. 1982), 641 P.2d 719, concerned an individual charged with operating a vehicle, while intoxicated, upon a private parking lot located at a major intersection. The parking lot was held by the court to be an area covered by the traffic ordinance because of its easy access to adjoining streets and its history of use by the public frequenting two taverns.

Similarly, the Northern Hotel's parking garage not only has a history of use by the public, the public is encouraged to use the facility. The facility is obviously fitted for public travel and in common use by the public. It is thus covered by §§ 61-8-101(1) and 61-8-401(1)(a), MCA.

Defendant's conviction is affirmed.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices

6