No. 97-211

IN THE SUPREME COURT OF THE STATE OF MONTANA

1997


STATE OF MONTANA,

Plaintiff and Respondent,

v.

CHARLES A. WEIS,

Defendant and Appellant.


APPEAL FROM: District Court of the Eleventh District,
In and for the County of Flathead
The Honorable Katherine R. Curtis


COUNSEL OF RECORD:

For Appellant:

John A. Lence, Kalispell, Montana

For Respondent:

Joseph P. Mazurek, Attorney General, Carol E. Schmidt, Assistant
Attorney General, Helena, Montana; Thomas J. Esch, Flathead County
Attorney, Ed Corrigan, Deputy Flathead County Attorney, Kalispell,
Montana


Submitted on Briefs: September 17, 1997

Decided: October 7, 1997
Filed:

_____
Clerk

Justice James C. Nelson delivered the Opinion of the Court.

This is an appeal by Charles A. Weis from his conviction, following a bench trial, de novo in the Eleventh Judicial District Court, Flathead County, of driving while under the influence of alcohol in violation of 61-8-401(1), MCA (1993). Given Weis's concession that he was under the influence of alcohol while driving or in actual physical control of his vehicle, the only issue before the District Court, and now before this Court on appeal, involves whether Boulder Lane, on which Weis was driving at the time of his offense, is a "way of this state open to the public" within the meaning of 61-8-401 (1), MCA (1993) and 61-8-101(1), MCA. The trial court concluded that it was. We agree and, accordingly, affirm.

Background

The parties stipulated to the facts which, insofar as pertinent here, we summarize as follows. On September 1, 1994, at about 9:30 p.m., Weis drove his vehicle from a residence located on Boulder Lane which he had been visiting. At the time, he was under the influence of alcohol and was in actual physical control of his vehicle. Prior to reaching the point where Boulder Lane intersects with Karrow Avenue, a paved, two-lane public road maintained by the county, Weis determined that he was too drunk to drive. He attempted to turn his vehicle around, but in doing so, drove off of Boulder Lane and into an adjacent fence and shed.

Boulder Lane is a privately owned, one-lane, gravel right of way approximately 3/10 of a mile long located near Whitefish, Montana. It begins at Karrow Avenue and dead ends at each of the three residences it services. The only access to or from Boulder Lane is via Karrow Avenue. Flathead County does not maintain Boulder Lane; all maintenance and snow removal is performed by the residents. There are no barriers, signs, or obstacles, such as gates, private property signs, or keep-out signs which limit access by the public to Boulder Lane or that would indicate that the lane is private.

Boulder Lane is displayed in the Official Flathead County Road Atlas and in MAPS Flathead Valley Detail Map Pages and Street Index, both commercial atlases. Furthermore, trial testimony revealed that Boulder Lane is marked with a privately-placed sign, albeit with faded lettering, and that this lane is often used by members of the public who are lost, who are simply curious or who have a purpose for

going to the residences which are served by the lane.

Discussion

The facts in this case are either stipulated or, at least, not the subject of legitimate dispute.  Accordingly, we review the District Court's conclusion that Boulder Lane is a "way of this state open to the public" as one of law, involving the interpretation of the statutes at issue.   In this respect our review is plenary.  State v. Brander (Mont. 1996), 930 P.2d 31, 33, 53 St.Rep. 1340, 1341 (citing State v. Schnittgen (1996), 277 Mont. 291, 295, 922 P.2d 500 503).

Montana's DUI statute,   61-8-401, MCA (1993), provides, in pertinent part:

(1) It is unlawful and punishable as provided in 61-8-714 and 61-8-723 for any person who is under the influence of:

(a) alcohol to drive or be in actual physical control of a vehicle upon the ways of this state open to the public; [Emphasis added].

Weis maintains that he is not guilty of DUI because he was operating his vehicle, not on a way of this state open to the public, but, rather, in a private driveway.  We disagree.

While it is clear that Boulder Lane is privately owned and maintained, neither our statutes nor our interpretive case law require that a "way of this state open to the public" be defined so narrowly as to include only those ways or places for travel which are legally dedicated to the public use.  Indeed,  61-8-101(1), MCA, defines the statutory phrase "ways of this state open to the public" to mean:

any highway, road, alley, lane, parking area, or other public or private place  adapted and fitted for public travel that is in common use by the public.  [Emphasis added].

In interpreting this section of Montana's code, our prior cases have included private  places fitted or adapted for public travel within the reach of this definition.  In City of Billings v. Peete (1986), 224 Mont. 158, 729 P.2d 1268, we held that the parking garage of the Northern Hotel in Billings was a way of this state open to the public within this statutory definition notwithstanding that access to the garage could be obtained only via one ramp and only upon obtaining a ticket from the attendant and payment of a fee.  Peete, 729 P.2d at 1269.   We concluded that this paved hotel parking garage was covered by   61-8-101(1) and 61-8-401(1)(a), MCA, because the facility had a history of use by the public, because the public was encouraged to use the facility and because the garage was fitted for public travel and in common use by the public.  Peete, 729 P.2d

at 1270-71.

In Peete, we cited the legislative history of 61-8-101(1), MCA, and two decisions of the Washington Supreme Court which interpreted the Seattle city ordinance on which 61-8-101(1), MCA, was modeled. See City of Seattle v. Wright (Wash. 1967), 433 P.2d 906 (private, paved thoroughfare owned by the Union Pacific Railroad but used regularly by local residents for parking and access to homes and by commercial vehicles, fit within the ordinance definition as its surface was similar to nearby public thoroughfares and the only restriction on use was a 10 mile-per-hour speed limit); City of Seattle v. Tolliver (Wash. 1982), 641 P.2d 719 (ordinance definition included a private parking lot located at a major intersection because of its easy access to adjoining streets and its history of use by bar patrons).

Similarly, in Santee v. State, Dept. of Justice, Motor Vehicle Div. (1994), 267 Mont. 304, 883 P.2d 829, we held that the American Bank parking lot in Livingston was a way of this state open to the public because it was fitted for public travel and in common use by the public. Santee, 883 P.2d at 833. We reached this conclusion on the basis of evidence which demonstrated that the lot, located in the middle of the active Livingston business district, was commonly used by members of the public patronizing nearby taverns and despite the fact that the lot was accessible only by an alley and was posted with signs stating that it was private and that violators would be towed. We, again, cited Tolliver as instructive. Santee, 883 P.2d at 833.

As to the case at bar, the fact that Boulder Lane is located on private easements, is privately maintained, and is of limited use is not dispositive. This lane provides access to three residences from a paved county road. Boulder Lane is a gravel, one-lane roadway and, as such, it is fitted and adapted for public travel. In fact, members of the public who are lost, curious or who have a purpose in going to the residences often use this lane in common with the residents who own and maintain it. Indeed, Weis, a member of the public, was using the road for travel on a visit to one of the private residences at the time he committed his offense. Moreover, the public is not impeded, restricted or prohibited in any way from traveling on Boulder Lane.

While Weis argues that those who use Boulder Lane are either there by invitation or are trespassing, the evidence at trial does not bear out this contention. Persons who are not invitees of the residents of Boulder Lane often use the roadway and the lane is not posted. See 45-6-201, MCA. More importantly, however, whether the residents served by Boulder Lane consented to its use or not, the fact is that the lane, though private, is adapted and fitted for public travel and is in common use by the public.

Section 61-8-101(1), MCA; Peete, 729 P.2d at 1270-71; Santee, 883 P.2d at 833. Based upon the foregoing statutory and decisional authority and in light of the stipulated facts and the evidence produced at trial as discussed above, we hold that the District Court properly concluded that Boulder Lane is a "way of this state open to the public" within the definition of   61-8-101(1), MCA.  Accordingly, having driven his vehicle upon the ways of this state open to the public while under the influence of alcohol in violation of   61-8-401(1)(a), MCA (1993), Weis was properly convicted of  DUI.

Affirmed.

/S/   JAMES C. NELSON

We Concur:

/S/  J. A.  TURNAGE
/S/  JIM REGNIER
/S/  W. WILLIAM LEAPHART
/S/  TERRY N. TRIEWEILER