JUSTICE TRIEWEILER,
dissenting.
*455 ¶30 I dissent from the majority opinion. I conclude that there was insufficient evidence to prove that the Defendant, Michael Schwein, operated or was in control of his vehicle “upon the ways of this state open to the public.”
¶31 On the day of his arrest, Schwein had been drinking at a bar across the lot from his place of business. He left the bar on foot with the intention of spending the night at his shop. However, on his way to his shop, he encountered the owner of the bar who requested his car keys. Schwein gave the owner his car keys, but in the process also gave him the key to his shop. Therefore, he returned to his car where he went to sleep. That is where he was found and arrested.
¶32 At the time of his arrest, Schwein’s vehicle was parked in a space that he personally leased in front of his shop. During business hours, it is open to customers and no one else. After 5:00 p.m., it is not open to the public. In fact, cars have been towed from that location at Schwein’s request.
¶33 At the time of his arrest the engine to Schwein’s motor vehicle was not running. He had not operated the vehicle after drinking at the bar and he had no intention of doing so.
¶34 At the time of his arrest, the parking place in which Schwein’s car was located was clearly not “open to the public.”
¶35 Those decisions relied on by the majority are all clearly distinguishable from the facts in this case. See State v. Weis (1997), 285 Mont. 41, 945 P.2d 900; Santee v. State (1994), 267 Mont. 304, 883 P.2d 829; and City of Billings v. Peete (1986), 224 Mont. 158, 729 P.2d 1268.
¶36 In all of the cases relied on by the majority, the defendant was actually operating his vehicle at the tim e of his arrest. Furthermore, the defendant in each of the prior three cases was in an area that actually was “open to the public.” Finally, in none of the three prior cases was the defendant on his own private property.
¶37 The purpose of our laws prohibiting operating a motor vehicle under the influence of alcohol or drugs is to preserve public safety. The result in this case accomplishes just the opposite. Had Schwein gotten into his vehicle and driven home, there is a chance that he would have arrived without detection. However, it would not have been safe for him to do so.
¶38 Schwein did the safest thing apparent to him in his intoxicated condition and he was a threat to no one. In spite of that fact, the majority opinion now extends the reach of the law beyond what was ever *456 intended. I hope that our streets and highways are not a little more dangerous as a result.
¶39 For these reasons I dissent from the majority opinion. I conclude that there was insufficient evidence to convict Michael Schwein of operating or being in control of his vehicle while on a public way and under the influence of alcohol.