No. 04-257

IN THE SUPREME COURT OF THE STATE OF MONTANA

2005 MT 148

GREGORY LYNN HAYES,

Petitioner and Appellant,

v.

THE STATE OF MONTANA,

Respondent and Respondent.

APPEAL FROM:    The District Court of the Nineteenth Judicial District,
In and For the County of Lincoln, Cause No. DV 2003-136,
Honorable MichaelC. Prezeau, Judge Presiding

COUNSEL OF RECORD:

For Appellant:

William A. Douglas, Douglas Law Firm, Libby, Montana

For Respondent:

Honorable Mike McGrath, Attorney General; Ilka Becker,
Assistant Attorney General, Helena, Montana

Submitted on Briefs:  February 2, 2005

Decided:   June 14, 2005

Filed:

_____
Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1 Gregory Lynn Hayes (Hayes) appeals from the order entered by the Nineteenth Judicial District Court, Lincoln County, on January 27, 2004, concluding that Hayes was arrested for driving under the influence of alcohol on a "way of this state open to the public" and denying his petition challenging the suspension of his driver's license. We affirm the order of the District Court.

¶2 We address the following issue:

¶3 Did the District Court err in concluding that a business parking lot was a "way of this state open to the public" pursuant to § 61-8-101(1), MCA?

## FACTUAL AND PROCEDURAL BACKGROUND

¶4 In the early morning hours of October 24, 2003, Libby City Police Officers David Bower (Officer Bower) and Matt White (Officer White) observed a person lying on the ground approximately eight feet away from an idling pickup in the parking lot of the Caboose Restaurant and Lounge (Caboose). In the process of attending to the prone man and determining he had no connection to the idling pickup, Officer White approached the pickup and found an intoxicated Hayes sitting at the steering wheel. Further investigation led to the officers' request that Hayes submit to a breath test and field sobriety tests. However, Hayes refused to submit to either. Hayes was then placed under arrest and processed for driving under the influence of alcohol (DUI). Hayes's driver's license was also seized for violation of the implied consent law.

2

¶5 On November 3, 2003, Hayes filed a petition challenging the license suspension. Hayes claimed that he did not violate the implied consent law because the parking lot of the Caboose was privately owned and did not constitute a "way of this state open to the public" pursuant to the provisions of § 61-8-101, MCA.

¶6 The lot on which the Caboose is located has a triangular shape and is bounded on its southwest side by Highway 2. On its northern side, along which the Caboose building sits, runs an old, abandoned county road. Generally, customers of adjoining businesses do not park in the Caboose parking lot, nor do people use the parking lot to access the county road from Highway 2, because a fence behind the Caboose restricts such access.

¶7 However, the Caboose is not an exclusive, private club and customers do not need permission to park in the lot. The parking lot is open to all members of the public who want to patronize the Caboose. There are no "private property" or "no trespassing" signs posted. While the Caboose parking lot is unpaved and has a rough surface with potholes, a vendor is permitted to sell flowers and also permitted to sell Christmas trees during the holiday season in the lot.

¶8 The District Court held a hearing on Hayes's petition on December 12, 2003. Following briefing by both parties, the District Court entered an order denying Hayes's petition on January 27, 2004. Hayes appeals therefrom.

## STANDARD OF REVIEW

¶9 In reviewing a district court's conclusions of law, our standard of review is plenary, and this Court must determine whether the District Court's conclusion that a business

parking lot was a "way of the state open to the public" is correct. *State v. Feldbrugge*, 2002 MT 154, ¶ 14, 310 Mont. 368, ¶ 14, 50 P.3d 1067, ¶ 14.

**DISCUSSION**

¶10 ***Did the District Court err in concluding that a business parking lot was a "way of this state open to the public" pursuant to § 61-8-101(1), MCA?***

¶11 Montana's implied consent law provides that:

> A person who operates or is in actual physical control of a vehicle upon ways of this state open to the public is considered to have given consent to a test or tests of the person's blood or breath for the purpose of determining any measured amount or detected presence of alcohol or drugs in the person's body.

Section 61-8-402(1), MCA. This statute further directs an officer to immediately seize the driver's license of any driver who refuses to submit to a blood, breath, or urine test. Section 61-8-402(4), MCA. Section 61-8-403, MCA, allows the driver to petition the district court for a hearing to determine whether the license suspension is proper. In such a proceeding, the driver has the burden of proof. *Gentry v. State, Dept. of Justice, Motor Vehicle Div.* (1997), 282 Mont. 491, 494-95, 938 P.2d 693, 695.

¶12 In *Santee v. State, Dept. of Justice, Motor Vehicle Div.* (1994), 267 Mont. 304, 306-07, 883 P.2d 829, 831, this Court explained the issues at the hearing are limited to:

> (1) whether the arresting officer had reasonable grounds to believe the following:
> (a) that the petitioner had been driving or was in actual physical control of a vehicle;
> (b) that the vehicle was on a way of this State open to the public; and
> (c) that the petitioner was under the influence of alcohol;
> (2) whether the individual was placed under arrest; and
> (3) whether the individual refused to submit to a chemical test.

4

*Santee*, 267 Mont. at 306-07, 883 P.2d at 831 (citing *Jess v. State, Dept. of Justice, Motor Vehicle Div.* (1992), 255 Mont. 254, 258-59, 841 P.2d 1137, 1140, and *Gebhardt v. State* (1989), 238 Mont. 90, 95, 775 P.2d 1261, 1265.)

¶13    As he did in the District Court, Hayes asserts that he did not violate Montana's implied consent law because, at the time of his arrest, his vehicle was not located on a "way of this state open to the public" pursuant to § 61-8-101(1), MCA.  He argues that the Caboose parking lot does not qualify as a "way of this state open to the public," because the only people that utilize the rough and unpaved parking lot are customers of the Caboose. Therefore, the officers had no legal right to request a breath sample in this location.

¶14    The statute provides as follows:

> As used in this chapter, "ways of this state open to the public" means any highway, road, alley, lane, parking area, or other public or private place adapted and fitted for public travel that is in common use by the public.

Section 61-8-101(1), MCA.

¶15    Specifically, Hayes contends that because areas such as a "parking area not adapted and fitted for public travel" or "parking area not in common use by the public" are not listed within the statute, the legislature intended to limit the scope of the statute.  He reasons therefrom that the operation of a vehicle within such areas by a person who is under the influence is not encompassed within or prohibited by the statute.

¶16    The State argues that the Caboose parking lot is a "way of this state open to the public" under § 61-8-101(1), MCA, despite the fact that the Caboose parking lot was in poor shape.  The State argues the parking lot was nonetheless adapted and fitted for public travel

5

and in common use by members of the public patronizing the Caboose. It notes that the parking lot was also used by flower and Christmas tree vendors, thus encouraging members of the community to enter the parking lot.

¶17 Our prior cases interpreting § 61-8-101(1), MCA, have considered private parking lots and private roads. In *City of Billings v. Peete* (1986), 224 Mont. 158, 162, 729 P.2d 1268, 1270-71, the defendant argued that the privately owned parking garage in which defendant had operated a motor vehicle and was arrested for DUI was not a "way of this state open to the public." We held:

> [T]he Northern Hotel's parking garage not only has a history of use by the public, the public is encouraged to use the facility. The facility is obviously fitted for public travel and in common use by the public. It is thus covered by Sections 61-8-101(1) and 61-8-401(1)(a), MCA.

*Peete*, 224 Mont. at 162, 729 P.2d at 1270-71.

¶18 In *State v. Weis* (1997), 285 Mont. 41, 44-45, 945 P.2d 900, 902-03, we addressed the private nature of the road upon which the defendant was arrested for DUI:

> [T]he fact that Boulder Lane is located on private easements, is privately maintained, and is of limited use is not dispositive. This lane provides access to three residences from a paved county road. Boulder Lane is a gravel, one-lane roadway and, as such, it is fitted and adapted for public travel. In fact, members of the public who are lost, curious or who have a purpose in going to the residences often use this lane in common with the residents who own and maintain it. Indeed, Weis, a member of the public, was using the road for travel on a visit to one of the private residences at the time he committed his offense. Moreover, the public is not impeded, restricted or prohibited in any way from traveling on Boulder Lane.

*Weis*, 285 Mont. at 44-45, 945 P.2d at 902-03.

¶19 Finally, in *Santee*, this Court applied § 61-8-101(1), MCA, to a privately owned parking lot which had limited access and posted warnings. We held:

> [T]he American Bank parking lot is posted with signs stating that it is a private lot and violators will be towed. Testimony revealed that the lot is commonly used by members of the public who are patrons of nearby taverns rather than bank customers. The only access to the lot is by an alley, but this alley and the American Bank parking lot are in the middle of an active Livingston business district. We hold that the American Bank parking lot is a parking area fitted for public travel and in common use by the public.

*Santee*, 267 Mont. at 310, 883 P.2d at 833.

¶20 The fact that the Caboose parking lot is unpaved and has potholes is inconsequential here. In *Weis*, 285 Mont. at 44-45, 945 P.2d at 902-03, we concluded that Boulder Lane, a gravel roadway, constituted a way of state open to public. Despite its poor condition, the Caboose parking lot is adapted and fitted for public travel and is in common use by the public, given its history of use by the public. Patrons of the Caboose park in the lot, and vendors sell from the parking lot, thereby encouraging members of the public to use the lot.

¶21 Based upon the foregoing authority, we hold the District Court did not err in concluding that the Caboose parking lot is a parking area fitted for public travel and in common use by the public, and is within the definition of "ways of this state open to the public" contained in §§ 61-8-101(1) and 61-8-402(1), MCA.

¶22 Affirmed.

/S/ JIM RICE

We Concur:

7

/S/ KARLA M. GRAY
/S/ W. WILLIAM LEAPHART
/S/ PATRICIA O. COTTER
/S/ JOHN WARNER