No. DA 06-0274

IN THE SUPREME COURT OF THE STATE OF MONTANA

2007 MT 73N

_____

STATE OF MONTANA,

      Plaintiff and Respondent,

   v.

TERRY DALE LeMASTER,

      Defendant and Appellant.

_____

APPEAL FROM:    District Court of the Twenty-Second Judicial District,
In and for the County of Stillwater, Cause No. DC 04-04,
The Honorable Blair Jones, Presiding Judge.


COUNSEL OF RECORD:

      For Appellant:

          George T. Radovich, Attorney at Law, Billings, Montana

      For Respondent:

          Hon. Mike McGrath, Attorney General; Tammy K. Plubell, Assistant
Attorney General, Helena, Montana

          John Petak, III, Stillwater County Attorney, Columbus, Montana

_____

Submitted on Briefs:  February 28, 2007

Decided:  March 13, 2007

Filed:

_____
                 Clerk

Justice Brian Morris delivered the Opinion of the Court.

¶1    Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2    Terry Dale LeMaster (LeMaster) appeals from the District Court's order for the Twenty-Second Judicial District, Stillwater County, denying his motion to dismiss his DUI charge. We affirm.

¶3    The State charged LeMaster with misdemeanor driving under the influence of alcohol. The State arrested LeMaster following his involvement in an accident while driving a four-wheeler near the intersection of Stadel Lane and East Shane Creek Road, west of Columbus, in Stillwater County. LeMaster filed a motion to dismiss the charges on the grounds that he was not traveling on a way of the State open to the public at the time of the DUI. The District Court conducted a hearing on LeMaster's motion.

¶4    Witnesses testified at the hearing on LeMaster's motion that cement trucks, water trucks, delivery trucks, including FedEx and UPS trucks, lost motorists, people looking to buy real estate, people visiting homes of residents along the road, and people pulling horse trailers, all traveled along the road at issue. As a result, the court found that these users constitute members of the general public who traveled along the road. One homeowner, Ivan McCrorie, testified that he put up a no trespassing sign along the road

2

to keep people from trespassing on his adjacent property. McCrorie wanted road travelers to realize that the road was used for access to private residences and to slow down while driving along the road. The District Court found McCrorie's explanation to be a reasonable construction of the purpose for the sign. The court further found that the sign's existence alone did not preclude a designation of the road as a way of the State open to the public.

¶5 LeMaster argues on appeal that the District Court erred in finding that a road accessing a private subdivision that was not in general use by the public, that was posted "no trespassing," that provided no public services or parking, and that was a dead end, was a way of the State open to the public. The State counters that the District Court correctly determined that the road was a way of the State open to the public in light of the testimony at the hearing with the District Court regarding its use by various members of the public.

¶6 We review the District Court's conclusion that Stadel Lane is a "way of this state open to the public" as one of law, involving the interpretation of the statutes at issue. In this respect our review is plenary. *State v. Weis*, 285 Mont. 41, 43, 945 P.2d 900, 901-02 (1997).

¶7 We have determined to decide this case pursuant to Section 1, Paragraph 3, of the Internal Operating Rules, as amended in 2003, that provided for memorandum opinions. It is manifest on the face of the briefs and record before us that LeMaster's appeal lacks merit. Settled Montana law clearly controls the legal issues presented and the District Court correctly interpreted these legal issues.

¶8      Affirmed.

/S/ BRIAN MORRIS


We Concur:


/S/ KARLA M. GRAY
/S/ JOHN WARNER
/S/ JAMES C. NELSON
/S/ W. WILLIAM LEAPHART