DA 08-0416

## IN THE SUPREME COURT OF THE STATE OF MONTANA

### 2009 MT 213N

STATE OF MONTANA,

      Plaintiff and Appellee,

  v.

DALE ALAN BRYSON,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Fourth Judicial District,
In and For the County of Missoula, Cause No. DC-2007-305
Honorable John W. Larson, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

      Richard R. Buley; Tipp & Buley, Missoula, Montana

      For Appellee:

      Hon. Steve Bullock, Montana Attorney General; C. Mark Fowler,
Assistant Attorney General, Helena, Montana

Submitted on Briefs:  May 20, 2009

Decided:  June 23, 2009

Filed:

_____
Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1    Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2    Dale Alan Bryson (Bryson) appeals from a jury verdict and judgment finding him guilty of driving under the influence of alcohol (DUI), first offense, by the Fourth Judicial District Court, Missoula County. We affirm.

¶3    Bryson challenges his DUI conviction based on whether the private road where the offense occurred, Montana Drive, is a "way of this state open to the public" as required under § 61-8-401(1)(a), MCA. Bryson argues that Montana Drive is not a "way of this state open to the public" as both a matter of law and a matter of fact.

¶4    On the evening of August 9, 2006, Bryson was operating a 4-wheeled ATV involved in an accident on Montana Drive in the Double Arrow Ranch subdivision in Seeley Lake. A Montana Highway Patrol officer investigated and ticketed Bryson for DUI, first offense. Double Arrow Ranch is a private subdivision run by the Double Arrow Ranch Land Owners Association (DARLOA). At the time of the accident, there were signs posted at each entrance to the Double Arrow announcing that the area was private property, no trespassing, and no hunting. According to the DARLOA president, all roads on the Double Arrow Ranch are private with public access.

2

¶5 Montana's DUI statute provides that it is unlawful for a person under the influence of alcohol "to drive or be in actual physical control of a vehicle upon the ways of this state open to the public." Section 61-8-401(1)(a), MCA. The statutory phrase "ways of this state open to the public" is defined as "any highway, road, alley, lane, parking area, or other public *or private place adapted and fitted for public travel that is in common use by the public.*" Section 61-8-101(1), MCA (emphasis added).

¶6 We review a district court's conclusion regarding whether a particular place is a "way of this state open to the public" as one of law, subject to plenary review. *State v. Schwein*, 2000 MT 371, ¶ 9, 303 Mont. 450, 16 P.3d 373; *State v. Weis,* 285 Mont. 41, 43, 945 P.2d 900, 902 (1997).

¶7 Before trial, both Bryson and the State filed motions seeking rulings on the "way of this state open to the public" issue. After jury selection, the court heard factual testimony on these issues outside the presence of the jury. The District Court heard testimony from the president of the board of the DARLOA, the fire chief of the Seeley Lake Fire Department, and the Montana Highway Patrol officer who responded to the accident on Montana Drive. All these witnesses testified that non-residents frequently travel on Montana Drive and expressed their opinion that Montana Drive is a private road with public access. The court concluded as a matter of law that Montana Drive was fitted and adapted for public travel and therefore fit the definition of a "way of this state open to the public." The jury was instructed that: "The Court has concluded that the road at issue here is fitted and adapted for

3

public travel. Therefore, the road falls within the definition of 'ways of this state open to the public.'"

¶8 This Court held in *State v. Weis* that a private lane was a "way of the state open to the public" within the meaning of DUI statutes. 285 Mont. 41, 45, 945 P.2d 900, 903 (1997). The facts in *Weis* were similar to the case at bar, except that Boulder Lane was not posted "no trespassing." 285 Mont. at 42-43, 945 P.2d at 901. *Weis* summarizes related cases on point, including cases where this Court held that a hotel parking garage and a bank's posted private parking lot were ways of this state open to the public within the statutory definition because they were fitted for public travel and in common use by the public. 285 Mont. at 43-44, 945 P.2d at 902 (discussing *City of Billings v. Peete*, 224 Mont. 158, 729 P.2d 1268 (1986) and *Santee v. State, Dept. of Justice, Motor Vehicle Div.*, 267 Mont. 304, 883 P.2d 829 (1994)). Similarly, in *State v. Schwein*, this Court affirmed a district court's conclusion that a private parking area was a way open to the public, relying on *Weis* and *Peete*. *Schwein*, ¶¶ 13-16. In all of these cases, this Court affirmed a district court judge's conclusion of law that the place at issue was a "way of this state open to the public" within the meaning of DUI statutes.

¶9 Bryson cites cases in which individuals were convicted of criminal trespass for being on private roads even when unaware that the roads were private. *See State v. Blalock*, 232 Mont. 223, 756 P.2d 454 (1998) and *State v. Trujillo*, 2008 MT 101, 342 Mont. 319, 180 P.3d 1153. Bryson applies these trespass cases to his facts to point out an "absurd result" of the District Court's holding: "a person can be guilty of one crime by being on a road that is

4

open to the public while at the same time being guilty of a different crime for being at the same place on a road which is not open to the public." However, criminal trespass laws do not apply to this DUI case and Bryson's attempt to interject irrelevant authority to bolster his argument is unpersuasive.

¶10 Bryson further argues that he was denied his right to a jury trial when the District Court decided this issue as a matter of law and prohibited him from presenting evidence to the jury on the underlying factual issues. Bryson could and did test the underlying facts on the public way element of DUI through preliminary hearings on motions. Based on the facts of this case, the judge correctly decided the question of whether Montana Drive is a "way of this state open to the public."

¶11 We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our 1996 Internal Operating Rules, as amended in 2003, which provides for memorandum opinions. It is manifest on the face of the briefs and the record that the appeal is without merit because the issue is clearly controlled by settled Montana law.

¶12 Affirmed.

/S/ MIKE McGRATH

We concur:

/S/ JOHN WARNER
/S/ W. WILLIAM LEAPHART
/S/ BRIAN MORRIS
/S/ JAMES C. NELSON