ORIGINAL

FILED

05/05/2020

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 18-0037

DA 18-0037

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2020 MT 112N

STATE OF MONTANA,

      Plaintiff and Appellee,

    v.

DEREK LEE CONNER,

      Defendant and Appellant.

**FILED**

MAY 05 2020

Bowen Greenwood
Clerk of Supreme Court
State of Montana

APPEAL FROM:    District Court of the Eleventh Judicial District,
In and For the County of Flathead, Cause No. DC-17-521(B)
Honorable Robert B. Allison, Presiding Judge

COUNSEL OF RECORD:

    For Appellant:

        Chad Wright, Appellate Defender, James Reavis, Assistant Appellate
Defender, Helena, Montana

    For Appellee:

        Timothy C. Fox, Montana Attorney General, C. Mark Fowler, Assistant
Attorney General, Helena, Montana

        Travis R. Ahner, Flathead County Attorney, Renn C. Fairchild, Deputy
County Attorney, Kalispell, Montana

Submitted on Briefs:  March 26, 2020

Decided:  May 5, 2020

Filed:

                _____
                         Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1     Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2     Derek Lee Conner appeals the Flathead County District Court's Order affirming the Flathead County Justice Court's determination, finding Conner guilty of misdemeanor driving under the influence (DUI) of alcohol and misdemeanor driving while license suspended. We affirm but remand for the Justice Court to amend the written Sentencing Order.

¶3     Conner received a citation for two misdemeanors on November 14, 2016. After Conner did not appear for a jury trial, the Flathead County Justice Court held a bench trial on July 18, 2017, and Conner appeared with counsel. The Justice Court is a court of record. The Justice Court denied Conner's motion to dismiss for insufficient evidence in its September 14, 2017 decision and found Conner guilty of both offenses. However, no recording is available of this trial.

¶4     Conner moved to reconstruct the record, pursuant to M. R. App. P. 8(6), and the State did not object. On April 5, 2019, the Flathead County Justice Court, with a different Judge presiding, issued an Order Regarding Unavailable Evidence. Both parties

and the Justice of the Peace agree that this Order provides the record of evidence adduced at the original 2017 trial.

¶5 The reconstructed Order points out that Deputy Johns (hereinafter the Deputy) testified that on November 14, 2016, he responded to a call, after midnight, about a vehicle driving on the railroad tracks, parallel to Flathead Drive in Flathead County, Montana. The Deputy further testified that from Flathead Drive he saw the headlights of a vehicle on the tracks,[1] away from any road or highway. The Deputy found a maroon 1993 Honda Accord apparently stuck in the mud on the east side of the tracks. The Justice Court admitted two photographs of the vehicle as evidence. Conner was the sole occupant. The Deputy approached and asked him to exit the vehicle. He fell out. The Deputy added that Conner appeared confused, stated he was really drunk, and stated something about falling off the wagon. The Deputy testified that the area surrounding the railbed was steep and muddy. The Deputy searched Conner's vehicle—finding no alcohol, no empty alcoholic beverage containers, and no other occupants.

¶6 Conner became combative, thereby preempting any field sobriety tests. At the Detention Center, the Deputy read Conner the Montana Implied Advisory Consent form and Conner refused to give a breath sample. No sobriety tests, including any blood draws, were done.

---

[1] To clarify, the testimony and the court's statements all refer to Conner's vehicle being on the tracks. The 1993 Honda Accord was alongside, or parallel to, the railroad tracks and found on the railbed. A Montana statute defines railbed as "the fee or lessor interest in the land 8.5 feet to either side of the centerline of the railroad track." Section 60-11-112(1), MCA (2015). Railway ballast berm as used by the State in its brief is an apt description, but we could locate no definition.

3

¶7 At trial, the Deputy opined how the vehicle may have arrived on the side of the railroad tracks. He noted that private property was adjacent to the tracks and this property may have provided Conner access to the tracks. The Deputy further opined that Conner could not have driven that type of vehicle very far because the railbed was soft. He stated that the 1993 Honda Accord was not suitable for off-road driving and that this vehicle could not have been driven any further from where it was found.

¶8 The Judge found Conner guilty of driving while suspended, pursuant to § 61-5-212(1)(a)(i), MCA, and after denying the motion to dismiss for insufficient evidence, found Conner guilty of the DUI offense, pursuant to § 61-8-401(1)(a), MCA. Conner appealed to the District Court, which affirmed the Justice Court. Conner appeals.

¶9 Whether sufficient evidence supports a conviction is a de novo review. *State v. Sommers*, 2014 MT 315, ¶ 15, 377 Mont. 203, 339 P.3d 65. This Court reviews cases that originate in justice court and are appealed to district court as if the appeal were originally filed in this Court, undertaking an independent examination of the record. *State v. Kebble*, 2015 MT 195, ¶ 14, 380 Mont. 69, 353 P.3d 1175. "We view the evidence in the light most favorable to the prosecution and determine whether any rational trier of fact could have found all the essential elements of the offense beyond a reasonable doubt." *Sommers*, ¶ 15 (citation omitted).

¶10 Conner raises two arguments on appeal. He contends that the State did not prove beyond a reasonable doubt that his 1993 Honda Accord was driven on a public road to the railroad tracks. Conner further requests that the written judgment conform with the oral pronouncement of sentence.

4

¶11 Conner contends his charges should be dismissed because not all essential elements to warrant a conviction have been met, in that the State failed to prove beyond a reasonable doubt that Conner operated or controlled a vehicle "upon the ways of this state open to the public[,]" pursuant to § 61-8-401(1)(a), MCA, or that Conner had been "on any public highway of this state[,]" pursuant to § 61-5-212(1)(a)(i), MCA. Conner challenges the Deputy's opinion that Conner turned toward the direction of the train tracks from a road intersection about a quarter mile away, and that no objective fact was presented to support such belief. Conner asserts that the evidence shows that Conner may have driven to the muddy area from the adjacent private property or that he may have not been driving the vehicle at all.

¶12 The Justice Court determined that Conner had driven on a public way. The State points out that private roads can be considered "ways of state" under this Court's case law. Section 61-8-101(1), MCA; *State v. Weis*, 285 Mont. 41, 45, 945 P.2d 900, 903 (1997); *Hayes v. State*, 2005 MT 148, ¶¶ 9, 14, 327 Mont. 346, 114 P.3d 261. The State notes that circumstantial evidence may alone support a criminal conviction. *State v. Brogan*, 261 Mont. 79, 89, 862 P.2d 19, 25-26 (1993).

¶13 Conner was the sole occupant of the vehicle found on the railbed. The Deputy directly testified that he saw the headlights, which were on, of Conner's car on the tracks from his viewpoint on Flathead Drive. The car was on the east side of the tracks, according to the uncontested testimony. The photographic evidence pinpoints the vehicle's location where the Honda Accord was on the east side of the tracks and therefore pointing south. The photographs, the State urges, support the Deputy's

5

testimony that the area surrounding the railroad tracks was muddy and that Conner's vehicle was not suited for off-road travel. The State also highlights that the railway ballast berm, or what we deem railbed, was steep, and upon review, that Conner's car had slid down to the left (or east) because of the steep embankment and was stuck or unable to move because of the soft conditions. The State recounts the Deputy's testimony where he opined that Conner had turned from an intersection about a quarter of a mile away and headed south along the tracks until Conner could not drive the vehicle any further. *Weis*, 285 Mont. at 45, 945 P.2d at 903. *See also State v. Krause*, 2002 MT 63, ¶ 22, 309 Mont. 174, 44 P.3d 493; *State v. Sirles*, 2010 MT 88, ¶ 18, 356 Mont. 133, 231 P.3d 1089. The State concludes that more than adequate circumstantial evidence supports the factual conclusion where Conner drove from the "public way" intersection thereby driving drunk on a way open to the State. We agree.

¶14 In Montana, the rule is that circumstantial evidence is an acceptable and often convincing method of proving criminal intent. *Brogan*, 261 Mont. at 89, 862 P.2d at 25 (citations omitted). The Justice Court's record, the testimony, and photographs demonstrate that even though the vehicle was "disabled," Conner was in physical control of the vehicle and had been driving while intoxicated. *See Sommers*, ¶ 19 n.2 (This Court used the term, disabled, "to mean a vehicle that is incapable of movement.").

¶15 Conner admitted that he was intoxicated on November 14, 2016. Pursuant to § 61-1-101(21), MCA (2015), a driver is "a person who drives or is in actual physical control of a vehicle." Conner had been in the driver's seat before exiting, falling out the driver's side door, and there were no other occupants of the vehicle.

6

¶16 Conner contends that he could have been driving the 1993 Honda Accord from adjacent non-descript private property. Conner ended up almost parallel to the railroad tracks and disabled on the railbed. The circumstantial evidence refutes his arguments. Section 61-8-101(1), MCA (2015), defines "'ways of this state open to the public'" as "any highway, road, alley, lane, parking area, or other public or private place adapted and fitted for public travel that is in common use by the public." Section 61-8-401, MCA (2015), "does not require that a person be *arrested* on a way of the state in order to be in violation of the statute." *Sirles*, ¶ 18, (citing *Krause*, ¶ 22) (emphasis in original). Sufficient evidence exists to support the conclusion that Conner drove upon a way of the State open to the public in order to reach the railbed. The photographs show the direction that Conner's Honda Accord was parked and pointed, being parallel to the tracks. The Deputy testified that Conner came from the nearby intersection most likely based on the direction of the mud-stuck vehicle.

¶17 When viewed in a light most favorable to the prosecution, there was sufficient evidence to establish that Conner drove upon a way of the State and then proceeded on a railbed parallel to the railroad tracks. As in *Krause*, Conner's vehicle, the maroon Honda Accord, "did not suddenly materialize out of thin air" in that railbed stuck in the muddy, soft ground. *Krause*, ¶ 24. Conner was properly convicted of DUI.

¶18 Turning to the second issue, the State concedes that this matter should be remanded to the Justice Court to impose the sentence that conforms with oral pronouncement. *State v. LaField*, 2017 MT 312, ¶ 33, 390 Mont. 1, 407 P.3d 682. At sentencing, the Justice Court imposed "twelve months in the Flathead County Jail with all

7

but thirty days suspended" and noted credit for time served toward the DUI conviction. In its written Sentencing Order, the Justice Court indicated twelve months jail with thirty days suspended and credit for two days served. Conner correctly points out that the difference is almost eleven months of jail time to serve, and the State agrees that his sentence was inverted. Conner's written sentence for his DUI conviction does not conform with the oral pronouncement, and remand to the Flathead County Justice Court is warranted. Section 46-18-116(3), MCA; *see also LaField*, ¶¶ 32-33 (Oral pronouncement of the sentence controls, and the written judgment must be amended to conform.). Accordingly, this Court remands this matter to correct Conner's written sentence for the DUI conviction to reflect twelve months in the Flathead County Detention Center with all but 30 days suspended along with two days' credit for time served.

¶19   We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. This appeal presents no constitutional issues, no issues of first impression, and does not establish new precedent or modify existing precedent. We affirm, and we remand to the Flathead County District Court for remand to the Flathead County Justice Court to amend Conner's DUI sentence as explained above.

/s/ _____
Chief Justice

8

We Concur:

_____

_____

_____

_____
Justices