No. 05-704

IN THE SUPREME COURT OF THE STATE OF MONTANA

2007 MT 34

_____

STATE OF MONTANA,

   Plaintiff and Respondent,

 v.

JOHN D. WALKER,

   Defendant and Appellant.

_____

APPEAL FROM: District Court of the Twelfth Judicial District,
       In and for the County of Hill, Cause No. DC-04-044,
       The Honorable David G. Rice, Presiding Judge.

COUNSEL OF RECORD:

   For Appellant:

      Jeremy S. Yellin, Attorney at Law, Havre, Montana

   For Respondent:

      Hon. Mike McGrath, Attorney General; Mark W. Mattioli, Assistant
      Attorney General, Helena, Montana

      Cyndee Peterson, Hill County Attorney; Gina Bishop, Deputy County
      Attorney, Havre, Montana

_____

        Submitted on Briefs: November 22, 2006

          Decided: February 13, 2007

Filed:

_____
         Clerk

Justice Brian Morris delivered the Opinion of the Court.

¶1    John D. Walker (Walker) appeals from an order of the Twelfth Judicial District, Hill County, denying his motion to dismiss.  We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

¶2    The State charged Walker on April 19, 2004, with Driving Under the Influence of Alcohol (DUI), Fourth or Subsequent Offense, a felony, and four misdemeanor offenses. The State based the felony DUI charge on Walker's four prior DUI convictions that occurred on August 26, 1992, December 16, 1992, November 8, 1995, and February 27, 1998, respectively.  Walker entered a plea of not guilty to the charges and filed a motion to dismiss the felony DUI charge.

¶3    Walker challenged the constitutional validity of the August 26, 1992, DUI conviction in Garfield County (Garfield DUI).  He argued that the Garfield DUI was constitutionally infirm, and, therefore, could not serve to enhance his current charge to a felony offense.  Walker contended that this infirmity stemmed from the fact that the Garfield court had failed to advise him of his right to counsel or the opportunity for court-appointed counsel before he entered a plea of guilty.

¶4    The court deferred setting a hearing on the matter until Walker supported his claim with an affidavit or other direct evidence.  The court also noted that Walker's challenge to the Garfield DUI would not have changed the status of the current felony DUI charge as three other DUI convictions in Walker's driving record supported the felony enhancement.

2

¶5     Walker responded with a second motion to dismiss on March 31, 2005. This second motion challenged the constitutional regularity of the Garfield DUI and his December 16, 1992, DUI conviction in the Fort Belknap Tribal Court (Fort Belknap DUI). Walker submitted certified copies of the court records in each case and supported his motion with an affidavit stating that he "was not given the right to obtain legal counsel" in the Garfield and Fort Belknap DUI proceedings. The court minutes to the Garfield DUI contain stock language that Walker had been "advised of his constitutional rights." The Fort Belknap record indicates that Walker had appeared before Tribal Judge Virginia Cochran for arraignment on November 27, 1992, and for change of plea on December 16, 1992. The Fort Belknap documents also show that Walker signed a document stating that he had been advised of his "right to counsel before entering a plea" and the "right to counsel at own expense or use of a Tribal Defender."

¶6     Walker stated in the affidavit that the Garfield County Justice of the Peace appeared to be in a "hurry to resolve the matter" and had failed to advise him of his "specific constitutional rights, in particular [his] right to counsel." The State responded with an affidavit by Gladys Stanton (Stanton), who served as Justice of the Peace in Garfield County from 1981 to 1995. Stanton attested that she made a general practice of advising each criminal defendant of their constitutional rights, including "the right to an attorney."

¶7     Walker also denied signing the arraignment proceeding document in the Fort Belknap record, even though his printed name appears in the signature line at the bottom of the page. Walker stated that the Fort Belknap record falsely shows that he appeared

3

before Judge Cochran. Walker claimed that he appeared before Judge Cranston Hawley and that he has "no recollection of being advised of [his] right to counsel."

¶8 The District Court held a hearing on May 2, 2005. Walker testified regarding the information that he had provided in the affidavit. The State presented no evidence at the hearing, but cross-examined Walker about the details of the two prior convictions. Walker failed to remember what specific charges that the State had filed against him in the Garfield DUI. Walker also admitted that he did not remember all the details of the Fort Belknap DUI proceeding and that he could have been confusing some of the details. The State argued that Walker's Fort Belknap conviction could not be infirm for lack of a right to counsel because no such right existed under Fort Belknap law in 1992.

¶9 The District Court denied Walker's motion. The court found that Walker's testimony on the Garfield DUI raised sufficiently the question of whether Walker had waived his right to counsel in that case. The court concluded, however, that the Garfield DUI constituted a valid conviction based on Stanton's affidavit that she had routinely advised every defendant of the right to counsel. As to the Fort Belknap DUI, the District Court weighed Walker's testimony against the court record. The court found that Walker's "confused recall" of the judge before whom he appeared cast "serious doubt" on his testimony. The court concluded that both the Garfield DUI and Fort Belknap DUI convictions could be used to enhance Walker's current DUI to a felony offense under § 61-8-731, MCA.

¶10 Walker entered a plea of *nolo contendere* on the five charges following the court's denial of his motion. Walker appeals the court's decision denying his motion to dismiss.

4

**STANDARD OF REVIEW**

¶11 Whether a prior conviction can be used to enhance a criminal sentence constitutes a question of law. *State v. Spotted Eagle*, 2003 MT 172, ¶ 11, 316 Mont. 370, ¶ 11, 71 P.3d 1239, ¶ 11. We review for correctness a district court's conclusions of law. *Spotted Eagle*, ¶ 11. We review a district court's findings of fact to determine if such findings are clearly erroneous. *State v. Okland*, 283 Mont. 10, 14, 941 P.2d 431, 433 (1997).

**DISCUSSION**

¶12 *Whether the District Court erred when it denied Walker's motion to dismiss.*

¶13 Walker contends that he presented sufficient direct evidence in an affidavit and through his testimony at the May 2, 2005, hearing to shift the burden to the State to prove by direct evidence that the prior conviction had not been obtained in violation of his rights. Walker maintains that the State failed to present any direct evidence that the prior convictions were constitutionally valid. As a result, Walker argues that our decision in *State v. Howard*, 2002 MT 276, 312 Mont. 359, 59 P.3d 1075, precludes the use of these two prior convictions to elevate his current DUI charge to a felony offense.

¶14 The Sixth Amendment of the United States Constitution and Article II, Section 24 of the Montana Constitution guarantee the fundamental right to assistance of counsel. *Gideon v. Wainwright*, 372 U.S. 335, 83 S. Ct. 792 (1963); *State v. Craig*, 274 Mont. 140, 148, 906 P.2d 683, 690 (1995). This fundamental right to counsel, however, does not extend to criminal defendants who knowingly and intelligently waive the right. *Howard*, ¶ 12. We refuse to presume that a defendant waived a constitutional right and any waiver of a constitutional right must be made "specifically, voluntarily, and

5

knowingly." *Howard*, ¶ 12.

¶15     We address Walker's argument on the Fort Belknap DUI as it proves dispositive. Walker contends that the State failed to present any direct evidence that the Fort Belknap court advised him of his right to counsel or that he expressly waived his right to counsel. Walker asserts that the State's failure to produce such evidence leaves uncontroverted his testimony that the court violated his state and federal constitutional right to counsel. We need not address this issue, however, because the standards of tribal law, rather than the Sixth Amendment protections afforded under federal and Montana law, determine Walker's right to counsel in the Fort Belknap proceeding. *Spotted Eagle*, ¶ 30.

¶16     We long have recognized that the United States Constitution does not apply to Indian tribes even though Native Americans are citizens of the United States. *Spotted Eagle*, ¶ 24, *see also Talton v. Mayes*, 163 U.S. 376, 384, 16 S. Ct. 986, 989 (1896). Tribes have retained certain "'inherent powers of limited sovereignty,'" including jurisdiction over crimes committed on tribal lands by one Indian against another. *Spotted Eagle*, ¶ 23, quoting *United States v. Wheeler*, 435 U.S. 313, 322, 98 S. Ct. 1079, 1086. Congress extended many of the protections provided in the Bill of Rights to Native Americans through the enactment of the Indian Civil Rights Act, 25 U.S.C. § 1301, et seq. (ICRA). *Spotted Eagle*, ¶ 24. ICRA contains no provision, however, that affords Native Americans the right to counsel in tribal court proceedings, and, consequently, no absolute right to counsel exists in tribal court unless the tribe provides for such right. *Spotted Eagle*, ¶¶ 24-25.

¶17 We considered in *Spotted Eagle* whether uncounselled tribal court DUI convictions that were deemed valid under Blackfeet tribal law could be used to enhance a state DUI charge to a felony offense in Montana court. Spotted Eagle argued that the uncounselled tribal convictions offended state and federal constitutional guarantees of the right to counsel and, therefore, could not be used to elevate his current DUI charge to a felony offense, even though the parties agreed that such convictions were valid under ICRA and Blackfeet tribal law. *Spotted Eagle*, ¶ 13.

¶18 We looked to the Blackfeet Tribal Code and federal law in analyzing Spotted Eagle's claim. *Spotted Eagle*, ¶ 22. Neither the Blackfeet Tribal Code, nor ICRA provided an absolute right to counsel in criminal proceedings. *Spotted Eagle*, ¶¶ 25-26. Thus, we determined that nothing irregular occurred in Spotted Eagle's tribal convictions based on his alleged lack of right to counsel. Such convictions could be used to enhance punishment on a state DUI conviction, regardless of their incongruity with state and federal constitutional rights. We held that comity required us "to give full effect to the valid judgments of a foreign jurisdiction according to that sovereign's laws, rather than the Sixth Amendment standard that applies to proceedings in Montana" courts. *Spotted Eagle*, ¶¶ 28-30.

¶19 Walker attempts to distinguish *Spotted Eagle* in that Spotted Eagle never challenged the regularity of his underlying tribal convictions. Walker argues that, unlike *Spotted Eagle*, the validity of his underlying DUI conviction remains at issue here. Walker contends that, although the Fort Belknap Tribal Code remains silent on the issue, the Fort Belknap Tribe nevertheless guaranteed him the right to counsel as evidenced by

7

the court documents advising Walker of "the right to counsel before entering a plea" and "the right to counsel at own expense or use of Tribal Defender."

¶20 Walker ignores, however, that we first considered in *Spotted Eagle* whether the uncounselled DUI convictions comported with the requirements of tribal law before reaching our conclusion that they could be used to enhance the state DUI charge to a felony offense. We employ that analysis here. The principles of comity guide our resolution of whether Walker's tribal conviction was regular. We must evaluate Walker's underlying tribal conviction, therefore, according to the laws of the sovereign, not the standards embodied in state and federal law. To do otherwise would contradict Montana's longstanding judicial policy of avoiding interference with the tribe's sovereignty and further "imply that Montana only recognizes [a tribe's] right to self-government until it conflicts with Montana law." *Spotted Eagle*, ¶¶ 30-31.

¶21 Walker fails to provide any Fort Belknap Tribal Code provision or ICRA clause extending him the right to counsel in 1992. In fact, Walker admitted in District Court that the tribal code fell silent as to the right to counsel. Walker, in one breath, points to the court record as evidence of his right to counsel. In the next breath, however, Walker argues that the Tribe had falsified the records. We determine that, based on the evidence before us, the Fort Belknap Tribe elected not to guarantee criminal defendants the right to counsel in 1992. Nothing irregular exists in Walker's Fort Belknap DUI based on any claim of a denial of a right to counsel where no such right existed. The District Court correctly determined that Walker's Fort Belknap conviction could be used to enhance Walker's DUI charge even though the court failed to consider comity in denying

8

Walker's motion to dismiss.

¶22    Section 61-8-731, MCA, provides that a defendant who is convicted of a fourth or subsequent DUI is guilty of a felony rather than a misdemeanor. A conviction from a federally recognized Indian tribe may be used to enhance a DUI sentence. *Spotted Eagle*, ¶ 5; § 61-8-734(1), MCA. Walker's current DUI conviction constitutes a felony offense when considered with Walker's 1992 Fort Belknap DUI and Walker's two unchallenged DUI convictions that occurred on November 8, 1995, and February 27, 1998. We conclude, therefore, that the District Court properly denied Walker's motion to dismiss, and thereby allowing the State to enhance Walker's charge to a felony offense. The fact that Walker's Fort Belknap DUI supports the sentencing enhancement of his current DUI relieves us of the need to address Walker's challenge to the Garfield DUI.

¶23    Affirmed.

/S/ BRIAN MORRIS

We Concur:

/S/ KARLA M. GRAY
/S/ JAMES C. NELSON
/S/ W. WILLIAM LEAPHART
/S/ JIM RICE

9