FILED

June 10 2008

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

DA 06-0755

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2008 MT 198

STATE OF MONTANA,

        Plaintiff and Appellee,

v.

KENNETH KAMPF,

        Defendant and Appellant.

FILED

JUN 1 0 2008

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

APPEAL FROM:    District Court of the Twelfth Judicial District,
In and For the County of Hill, Cause No. DC 06-026
Honorable David Rice, Presiding Judge

COUNSEL OF RECORD:

    For Appellant:

        Jim Wheelis, Chief Appellate Defender; Shannon L. McDonald, Assistant
        Appellate Defender, Helena, Montana

    For Appellee:

        Hon. Mike McGrath, Attorney General; Sheri K. Sprigg, Assistant Attorney
        General, Helena, Montana

        Cyndee L. Peterson, Hill County Attorney, Havre, Montana

                      Submitted on Briefs:  January 4, 2008

                                    Decided:  June 10, 2008

Filed:

                            _____
                                  Clerk

Chief Justice Karla M. Gray delivered the Opinion of the Court.

¶1    Kenneth Kampf (Kampf) appeals from the judgment entered by the Twelfth Judicial District Court, Hill County, on his conviction and sentence for felony driving under the influence of alcohol (DUI), fourth or subsequent offense. We affirm.

¶2    Kampf raises the following issues on appeal:

¶3    1. Did the District Court err in determining that Kampf's 1995 DUI conviction was constitutionally valid for purposes of enhancing his current DUI offense to a felony?

¶4    2. Did the District Court impose an illegal sentence when it imposed conditions on any period when Kampf might be released on parole?

## BACKGROUND

¶5    In February of 2006, the State of Montana (State) charged Kampf by information with felony DUI, fourth or subsequent offense, and misdemeanor operation of a motor vehicle without headlamps illuminated. The State charged the DUI as a felony offense based on information that Kampf had prior DUI convictions in April of 1995, October of 1996, and March of 2005. Kampf initially pled not guilty to both offenses. Kampf subsequently appeared before the District Court and pled guilty to the DUI charge, expressly reserving his right to challenge the constitutional validity of his prior DUI convictions. The District Court later granted the State's motion to dismiss the misdemeanor charge.

¶6    Kampf filed a brief contending that his April of 1995 DUI conviction in Havre City Court was constitutionally invalid because he had been denied the right to counsel and,

2

therefore, that conviction could not be used to enhance his current DUI offense to a felony. Kampf also submitted his affidavit stating that, when he pled guilty to the DUI offense in 1995, the Havre City Court judge failed to inform him he had the right to appointed counsel if he could not afford counsel, he would have accepted appointed counsel if the City Court judge had offered him one, and the City Court judge failed to explain that he had the right to challenge the evidence against him as being illegally obtained.

¶7 The State filed a response to Kampf's brief and affidavit, and appended thereto copies of various documents from the 1995 proceeding. One document was a Montana Highway Patrol alcohol influence report completed at the time of Kampf's arrest on March 3, 1995, which contained a written Miranda warning and waiver of rights signed by Kampf. A second document contained City Court minutes indicating Kampf initially appeared on March 7, 1995, was advised of his constitutional rights and entered a not guilty plea, and Kampf later appeared on April 4, 1995, waived having an attorney present, pled guilty and was sentenced.

¶8 After a hearing on Kampf's challenge to the validity of his 1995 DUI conviction, the District Court orally determined that the conviction was constitutionally valid and could be used—in conjunction with the 1996 and 2005 DUI convictions—to enhance Kampf's current DUI charge to a felony. The court subsequently entered a written order reiterating its oral findings of fact, conclusions of law and ruling regarding the constitutional validity of the 1995 DUI conviction.

3

¶9    The District Court sentenced Kampf on the felony DUI offense to a 13-month commitment to the Montana Department of Corrections (Department) for placement in an appropriate correctional facility or program, with a recommendation that Kampf be placed in the WATCh program. The court further ordered that, should Kampf successfully complete the WATCh program, the remainder of the 13-month commitment would be suspended. The court also imposed a consecutive term of two years to the Department, all suspended. The District Court then imposed 25 conditions on the sentence during "any term of parole or probation." Kampf appeals from the District Court's judgment on the conviction and sentence.

## DISCUSSION

¶10    *1. Did the District Court err in determining that Kampf's 1995 DUI conviction was constitutionally valid for purposes of enhancing his current DUI offense to a felony?*

¶11    A person convicted of a DUI offense who previously has been convicted of three or more DUI offenses is guilty of a felony. Section 61-8-731(1), MCA. Here, the State charged Kampf with felony DUI based on information that Kampf previously had been convicted of DUI offenses in 1995, 1996 and 2005. Kampf asserted that his 1995 DUI conviction was constitutionally invalid and could not be used to enhance his current DUI offense to a felony.

¶12    "It is well settled in Montana that the State may not use a constitutionally infirm conviction to support an enhanced punishment, such as felony DUI." *State v. Mann*, 2006 MT 33, ¶ 15, 331 Mont. 137, ¶ 15, 130 P.3d 164, ¶ 15. A presumption of regularity attaches

to prior convictions, however. Consequently, the prior conviction is presumed valid absent evidence to the contrary. *Mann*, ¶ 15. A defendant can overcome the presumption of regularity by presenting direct evidence of irregularity. In that event, the burden shifts to the State to prove by a preponderance of the evidence that the conviction was not obtained in violation of the defendant's constitutional rights. *Mann*, ¶ 15.

¶13 As stated above, Kampf filed an affidavit in the District Court supporting his assertion that his 1995 DUI conviction was constitutionally invalid because he had been denied his right to counsel. His affidavit stated, in pertinent part, that when he entered his guilty plea on his second appearance in the Havre City Court, the judge

> did not advise me that he would appoint an attorney to represent me, but asked only if I waived having a lawyer present, which I said I did. I had never been arrested before, and I was unfamiliar with my rights and with criminal procedure. I did not understand that I had a right to an attorney at state expense before I chose to plead guilty. I felt I was not guilty of the offense as I was approached by an officer after I had parked my car at my residence (in my garage) and was out of my car, and the officer had not made any observations of traffic violations. If the court had offered to appoint an attorney for me I would have accepted one.

Via its response brief and appended documents relating to the 1995 DUI proceedings, the State first contended that Kampf's affidavit was insufficient to constitute the direct evidence of irregularity necessary to rebut the presumption that the 1995 conviction was constitutionally valid. The State also asserted that, even assuming Kampf had rebutted the presumption of validity, the documents from the 1995 DUI proceedings proved by a preponderance of the evidence that the conviction was not obtained in violation of Kampf's constitutional rights.

5

¶14 The District Court held a hearing on the issue at which neither party presented testimony, and several exhibits offered by the State were admitted into evidence without objection. The court ruled orally that the 1995 DUI conviction was constitutionally valid and, subsequently, entered its written order denying Kampf's request to strike the 1995 DUI conviction as invalid. The District Court first determined that Kampf's affidavit was insufficient to overcome the presumption of regularity attached to his 1995 DUI conviction. Noting that this conclusion was a sufficient basis on which to deny Kampf's request to strike the 1995 conviction, the court proceeded to enter findings regarding the documentation from the 1995 proceeding and ultimately concluded that "the State established by a preponderance of the evidence that [Kampf's] conviction was not entered in violation of his right to counsel."

¶15 Kampf contends the District Court erred in determining his 1995 DUI conviction was constitutionally valid. Kampf's brief on appeal devotes only four paragraphs to his argument on this issue. The first paragraph sets forth the basis of his argument in the District Court and a brief recitation of the contents of his affidavit. The second paragraph sets forth general statements, with citation to authority, regarding an accused's constitutional right to counsel and the requisites of a waiver of that right. The third paragraph states, in one sentence, that in *Mann* we "vacated the defendant's prior DUI convictions, determining that he did not enter into a knowing, intelligent or voluntary waiver of his right to counsel. *Mann*, ¶ 24." Kampf provides no analysis of how *Mann* is factually or legally analogous to

6

the present case. The fourth and final paragraph of Kampf's argument states, in its entirety, that

> [h]ere, Kampf's affidavit establishes that he was not sufficiently apprised of his right to counsel and to challenge evidence before pleading guilty to the DUI charge. Therefore, this Court should vacate his prior conviction and remand for resentencing as a misdemeanor.

¶16 A district court's determination regarding whether a prior conviction may be used to enhance a criminal sentence is a conclusion of law which we review to determine whether the conclusion is correct. *State v. Walker*, 2007 MT 34, ¶ 11, 336 Mont. 56, ¶ 11, 153 P.3d 614, ¶ 11. We review a district court's underlying findings of fact to determine whether those findings are clearly erroneous. *Walker*, ¶ 11. Furthermore, the appellant bears the burden of establishing that a district court erred by presenting argument and legal authority in support thereof. *See State v. Hicks*, 2006 MT 71, ¶ 22, 331 Mont. 471, ¶ 22, 133 P.3d 206, ¶ 22. It is not this Court's obligation to guess at an appellant's precise argument or to develop legal analysis which may support an appellant's position. *Hicks*, ¶ 22.

¶17 Here, Kampf's "argument" on this issue consists of a conclusory statement that his affidavit presented sufficient direct evidence to rebut the presumption of regularity attached to his 1995 DUI conviction and, therefore, that conviction cannot be used to enhance his current offense to a felony. He does not specifically challenge any of the District Court's findings of fact or conclusions of law regarding its determination that Kampf's affidavit was insufficient; nor does he provide any analysis of legal authority supporting such a challenge. Moreover, Kampf does not even mention the District Court's alternative basis for denying

his request to strike the 1995 conviction, which was that the State presented evidence establishing by a preponderance of the evidence that the conviction was not obtained in violation of Kampf's constitutional rights. "Failure to challenge each of the alternative bases for a district court's ruling results in affirmance." *State v. English*, 2006 MT 177, ¶ 47, 333 Mont. 23, ¶ 47, 140 P.3d 454, ¶ 47.

¶18 We conclude Kampf has failed to establish that the District Court's determination that his 1995 DUI conviction was constitutionally valid was erroneous. We hold, therefore, that the District Court did not err in determining that Kampf's 1995 DUI conviction was constitutionally valid for purposes of enhancing his current DUI offense to a felony.

¶19 ***2. Did the District Court impose an illegal sentence when it imposed conditions on any period when Kampf might be released on parole?***

¶20 The District Court sentenced Kampf to a 13-month commitment to the Department, with a recommendation that Kampf be placed in the WATCh program, followed by a suspended term of two years to the Department. The court further ordered that, should Kampf successfully complete the WATCh program, the remainder of the 13-month commitment would be suspended. The court then imposed 25 conditions on the sentence during "any term of parole or probation." Kampf contends that the District Court was without legal authority to impose conditions on any time period when he may be released on parole. We review a criminal sentence for legality only to determine whether the sentence falls within applicable statutory parameters. *State v. Kotwicki*, 2007 MT 17, ¶ 5, 335 Mont. 344, ¶ 5, 151 P.3d 892, ¶ 5.

8

¶21 We recently addressed whether sentencing courts have statutory authority to impose conditions on parole. In *State v. Burch*, 2008 MT 118, ¶ 2, 342 Mont. 499, ¶ 2, 182 P.3d 66, ¶ 2, Burch was sentenced to concurrent terms of eight years for sexual intercourse without consent, five years for criminal sale of dangerous drugs and sixteen years, with eight years suspended, for sexual assault. The district court imposed 19 conditions on the sexual assault sentence with which Burch was to comply "[d]uring the suspended portion of the sentence, and upon any parole . . . ." A little over a year after Burch was released on parole, the State petitioned to revoke his suspended sentence based on alleged violations of his parole conditions. *Burch*, ¶¶ 4-5. The district court granted the petition and revoked the suspended portion of Burch's sentence for the sexual assault conviction. *Burch*, ¶ 6.

¶22 On appeal, Burch argued, in part, that the district court erred in revoking his suspended sentence for violating conditions imposed by the court on his period of parole because the court was without statutory authority to impose parole conditions. *Burch*, ¶ 8. In addressing the issue, we began with the well-established rule that "district courts do not have the power to impose a sentence unless authorized by a specific grant of statutory authority." *Burch*, ¶ 23 (citations omitted). We then observed that § 46-18-201, MCA, defines and constrains the sentencing authority of district courts and nothing in the language of that statute authorizes sentencing courts to impose parole conditions. *Burch*, ¶¶ 24 and 26. We further reviewed other provisions of Title 46 of the Montana Code Annotated (MCA) and located nothing which would grant sentencing courts a general or residual authority to impose conditions on a defendant's parole. We did note, however, that several

9

statutes authorize sentencing courts to impose limited, specified conditions on parole for sexual and violent offenders. *Burch*, ¶ 30 and see e.g. §§ 46-18-206 and -255, MCA. We held that, other than the limited and expressly authorized instances, sentencing courts do not have a residual or inherent authority under Title 46, Chapter 18, Part 2 of the MCA to generally impose parole conditions. *Burch*, ¶ 36.

¶23 In the present case, Kampf was convicted of, and sentenced for, the offense of felony DUI, which is neither a sexual nor a violent offense. See § 46-23-502, MCA. Thus, the District Court had no statutory authority to impose conditions on Kampf's sentence during any term of parole.

¶24 The State presents no argument to the contrary. It points out, however, that § 46-20-701(2), MCA, provides that "[a]ny error, defect, irregularity, or variance that does not affect substantial rights must be disregarded." The State asserts that, even assuming the District Court erred in imposing parole conditions in Kampf's sentence, the error is harmless because Kampf is not eligible for parole under the circumstances of his sentence and, as a result, the error does not affect his substantial rights. We agree.

¶25 The District Court sentenced Kampf pursuant to § 61-8-731(1)(a), MCA, which provides that a person convicted of a fourth or subsequent DUI offense shall be punished by

> sentencing the person to the department of corrections for placement in an appropriate correctional facility or program for a term of 13 months. The court shall order that if the person successfully completes a residential alcohol treatment program operated or approved by the department of corrections, the remainder of the 13-month sentence must be served on probation. The imposition or execution of the 13-month sentence may not be deferred or suspended, and the person is not eligible for parole.

10

Thus, Kampf was not eligible for parole during the 13-month commitment to the Department. The District Court further sentenced Kampf pursuant to § 61-8-731(1)(b), MCA, to a consecutive two-year suspended sentence. Kampf must serve this suspended sentence on probation, subject to various conditions imposed by the court. See § 61-8-731(4) and (5), MCA.

¶26     We hold that, although the District Court imposed an illegal sentence when it imposed conditions on any period when Kampf might be released on parole, the error is harmless on these facts.

¶27     Affirmed.

_____
Chief Justice

We Concur:

_____

_____

_____

_____
Justices

11