JUSTICE COTTER
dissents.
¶23 I dissent from several conclusions reached by the Court.
¶24 First, the Court states the condition at issue was imposed not under § 46-18-201 or -202, MCA, but rather pursuant to § 46-23-1002(3), MCA. Opinion, ¶ 4. However, this statute confers upon DOC the authority to adopt rules for the conduct of persons placed on probation; it is not a grant of authority to the court to implement DOC administrative rules or impose a sentence pursuant to such rules. When sentencing a defendant, a court remains constrained by the sentencing provisions set forth in Title 46, chapter 18, MCA. State v. Kampf, 2008 MT 198, ¶ 22, 344 Mont. 69, 186 P.3d 223. This being so, the Court’s reliance upon § 46-23-1002(3), MCA, for sentencing authority is entirely misplaced. So too is its statement that a standard *118 condition adopted by DOC may be deleted from a judgment (see Opinion, ¶ 7), as it wrongly presupposes the routine inclusion of DOC conditions into a judgment, until and unless specifically removed. Again, it is the function of the court to sentence pursuant to the sentencing statutes, and nowhere in those statutes does the Legislature state that a court may cede its sentencing responsibility to DOC. Because a court must sentence pursuant to established statutory authority, the Court’s further conclusion that the sentencing condition in question falls outside these sentencing statutes and outside of the Ashby nexus requirement as well (see Opinion, ¶ 6), is wrong. The Ashby nexus requirement is intended to apply to all conditions a court imposes upon a sentence.
¶25 Turning to Ashby, we have unfortunately injected confusion into our sentencing jurisprudence by defining an “abuse of discretion” in the context of imposing conditions of sentence as occurring “when a district court acts arbitrarily without the employment of conscientious judgment or exceeds the bounds of reason, in view of all the circumstances____” State v. Nelson, 2008 MT 359, ¶ 20, 346 Mont. 366, 195 P.3d 826, (quotation omitted).[1] The Court perpetuates this confusion here by relying on State v. McLaughlin, 2009 MT 211, 351 Mont. 282, 210 P.3d 694, for the same proposition. Opinion, ¶ 7. Notably, McLaughlin is not even a sentencing case; rather, it addresses abuse of discretion in the context of the admissibility of evidence.
¶26 As we said in Ashby and in State v. Stiles, 2008 MT 390, 347 Mont. 95, 197 P.3d 966, a court abuses its discretion if it imposes a condition upon a sentence which lacks a nexus to either the offense or the offender. See Ashby, ¶ 9; Stiles, ¶ 13. In the interests of consistency and simplicity of application, we should use the nexus analysis in determining whether a court abuses its discretion in imposing a sentencing condition. Therefore, I disagree with the Court’s reliance at ¶ 7 upon McLaughlin. Moreover, I would reverse Nelson to the limited extent that it endorses the wrong abuse of discretion standard for application in the context of reviewing sentencing conditions.
¶27 Finally, applying the nexus analysis to the condition at issue, I would conclude that the District Court abused its discretion in adopting the condition requiring the defendant to obtain permission from his Probation & Parole Officer before financing or purchasing *119 items or going into debt, because the condition has no nexus to either the offense or the offender. Hernandez was not convicted of a financial crime. Moreover, he was working two jobs and had no debt at the time of the crime, nor did he have any history of financial irresponsibility. This being the case, the adoption of this condition was an abuse of the court’s discretion. I would remand with instructions to vacate the condition. I therefore dissent.
JUSTICES NELSON and LEAPHART join the Dissent of JUSTICE COTTER.

 As the author of Nelson, I accept responsibility for some of this confusion.