DA 09-0344

IN THE SUPREME COURT OF THE STATE OF MONTANA

2010 MT 88

STATE OF MONTANA,

      Plaintiff and Appellee,

    v.

WRAYMON SIRLES,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Sixth Judicial District,
In and For the County of Park, Cause No. DC 08-08
Honorable Wm. Nels Swandal, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Courtney Jo Lawellin, Attorney at Law, Livingston, Montana

      For Appellee:

          Hon. Steve Bullock, Montana Attorney General; Matthew T. Cochenour,
Assistant Attorney General, Helena, Montana

          Brett Linneweber, Park County Attorney; Kathleen Carrick, Deputy County
Attorney, Livingston, Montana

Submitted on Briefs:  January 27, 2010

Decided:  April 27, 2010

Filed:

_____
Clerk

Justice Brian Morris delivered the Opinion of the Court.

¶1 Wraymon Sirles (Sirles) appeals his conviction in the Sixth Judicial District Court, Park County, for driving or being in actual physical control of a vehicle while under the influence of alcohol (DUI). We affirm.

¶2 We review the following issues on appeal:

¶3 *Did the District Court correctly determine that Sirles was on a way of the state open to the public?*

¶4 *Did the District court correctly take into account Sirles's 1999 Wyoming DUI conviction for felony enhancement purposes?*

¶5 *Did the District Court correctly instruct the jury on the burden of proof and circumstantial evidence?*

¶6 *Did the District Court correctly dismiss the criminal trespass charge against Sirles?*

¶7 *Did the District Court appropriately deny Sirles's motion for a new trial?*

### FACTUAL AND PROCEDURAL BACKGROUND

¶8 David Loseff (Loseff) found Sirles passed out, slumped over the steering wheel of his truck on November 24, 2005. The truck was parked next to a shed on Loseff's ranch. The ranch is located seventeen miles from Emigrant, Montana. Sirles was leaning on the horn of the idling truck. The honking horn alerted Loseff to Sirles's presence on the property.

¶9 Loseff had not seen a vehicle next to the shed when he arrived home approximately fifteen minutes earlier. Loseff called the police after finding Sirles. Deputy Clay Herbst (Herbst) responded to the call. Herbst found Sirles still asleep. Sirles seemed confused after

2

Herbst managed to rouse him. Sirles eventually claimed that he had seen lights on the Loseff property and had driven down to "investigate."

¶10     Sirles's eyes were bloodshot and glassy, he had difficulty focusing, and he smelled of alcohol. Sirles gave conflicting accounts of his alcohol use that evening. Herbst asked Sirles to perform field sobriety tests. Sirles performed poorly on the field sobriety tests. Herbst arrested Sirles for DUI and transported him to the Park County Detention Center. Sirles had a blood alcohol content of 0.125 approximately three hours after Loseff initially called the police.

¶11     The State charged Sirles in January of 2008 with felony DUI and misdemeanor trespass. Sirles moved to dismiss the DUI charge before trial on the grounds that he was on private property, and, therefore, the State could not establish that he had been traveling on "a way of the state open to the public" while under the influence of alcohol. Sirles also moved the District Court to take judicial notice of a prior DUI proceeding in which the Madison County Justice Court had granted Sirles's motion to bar consideration of a 1999 Wyoming DUI for the purpose of sentence enhancement. The State opposed both motions. The District Court denied both of Sirles's motions.

¶12     Sirles raised a due process challenge to the State's proposed jury instructions on circumstantial evidence. The District Court gave the jury instruction offered by the State. The District Court dismissed the misdemeanor count of criminal trespass following the close of the State's case. The District Court found that the State had presented insufficient

3

evidence to convict Sirles of the trespass charge. The jury convicted Sirles of the DUI charge on February 18, 2009.

¶13 Sirles filed a motion for a hearing and a new trial on April 9, 2009. Sirles included an affidavit from a private investigator with his motion. The private investigator had spoken with four jurors. Three of the jurors told the private investigator that the jury foreman had "pushed" them into a guilty verdict. The fourth juror expressed "mixed feelings," and felt that the verdict had been rushed.

¶14 The State responded by arguing that Sirles's motion for a new trial was untimely under § 46-16-702, MCA. Sirles had filed his motion fifty days after the verdict and twenty days past the statutory deadline. The State further claimed that M. R. Evid. 606(b) prevented the jurors from testifying about jury deliberations. The District Court granted Sirles's motion for a hearing, but later denied Sirles's motion for a new trial. The court denied Sirles's motion based on both § 46-16-702, MCA, and M. R. Evid. 606(b).

## STANDARD OF REVIEW

¶15 A district court's conclusion that a road or drive constitutes a "way of the state open to the public" represents a conclusion of law over which this Court exercises plenary review. *Hayes v. State*, 2005 MT 148, ¶ 9, 327 Mont. 346, 114 P.3d 261. Whether a prior conviction may be used to enhance a criminal sentence also constitutes a question of law. *State v. Walker*, 2007 MT 34, ¶ 11, 336 Mont. 56, 153 P.3d 614. We review for correctness a district court's conclusions of law. *Id.* We review a district court's jury instructions to determine whether the instructions, as a whole, fully and fairly instruct the jury on the

4

applicable law. *State v. Schmidt*, 2009 MT 450, ¶ 26, 354 Mont. 280, 224 P.3d 618. A district court's conclusion as to whether sufficient evidence existed to support a conviction represents a conclusion of law that we review *de novo*. *State v. Swann*, 2007 MT 126, ¶ 19, 337 Mont. 326, 160 P.3d 511. We review for abuse of discretion a district court's ruling on a motion for a new trial. *State v. Bailey*, 2004 MT 87, ¶ 42, 320 Mont. 501, 87 P.3d 1032.

## DISCUSSION

¶16 *Did the District Court correctly determine that Sirles was on a way of the state open to the public?*

¶17 Sirles claims that he was not traveling on a way of state open to the public at the time that Officer Herbst arrested him. Sirles does not contest that he was under the influence of alcohol or that he was in actual control of his vehicle. Sirles claims instead that the State could not establish that he had been traveling on a way of the state open to the public when Herbst located and arrested him. The State counters that Sirles must have driven on a way of the state in order to reach the Loseff property.

¶18 It is unlawful for a person who is under the influence of alcohol to "drive or be in actual physical control of a vehicle upon the ways of this state open to the public." Section 61-8-401, MCA. A way "of this state open to the public" includes any "highway, road, alley, lane, parking area, or other public or private place adapted and fitted for public travel that is in common use by the public." Section 61-8-101(1), MCA. Section 61-8-401, MCA, proscribes the operation of a motor vehicle while under the influence of alcohol on a way of the state open to the public. The statute does not require that a person be *arrested* on a way

5

of the state in order to be in violation of the statute. *See State v. Krause*, 2002 MT 63, ¶ 22, 309 Mont. 174, 44 P.3d 493.

¶19 We addressed a similar situation in *Krause*. A property owner found Krause in his driveway, asleep in a truck with the motor running. The homeowner reported Krause to the police. The responding officer roused Krause. The officer conducted a DUI investigation and arrested Krause. Krause refused to submit to a breathalyzer test. The officer seized and suspended Krause's driver's license pursuant to § 61-8-402(4), MCA.

¶20 Krause claimed that the State improperly had revoked his driver's license because he had not been traveling on a way of the state open to the public at the time of his arrest. This Court rejected Krause's challenge on the basis that "the implied consent statute does not require that a defendant be *found and arrested* upon a way of this state open to the public." *Krause*, ¶ 22. This Court upheld the suspension of Krause's license on the basis that the arresting officer had possessed reasonable grounds to believe that Krause had been driving on a way of the state open to the public while under the influence of alcohol. *Krause*, ¶ 26; § 61-8-402(2)(a)(i), MCA. This principle applies equally to § 61-8-401, MCA. Nothing in that section requires a person to be found and arrested upon a way of the state open to the public in order to be in violation of the law.

¶21 Ample evidence supports the conclusion that Sirles drove upon a way of the state open to the public in order to reach the Loseff property. *Krause*, ¶ 23. We need not decide whether the District Court correctly determined that the Loseff driveway was a way of the state open to the public. *Id*. Sirles stipulated that the road on which he travelled to reach the

6

Loseff property was a way of the state open to the public. The fact that Sirles undoubtedly drove on a way of the state open to the public while under the influence of alcohol satisfies the elements of § 61-8-401, MCA.

¶22 *Did the District court correctly take into account Sirles's 1999 Wyoming DUI conviction for felony enhancement purposes?*

¶23 Sirles argues that the District Court improperly considered a prior Wyoming DUI conviction for felony enhancement purposes. Montana law provides increased penalties for repeat DUI offenders. Section 61-8-714, MCA. An offender who has been convicted of three or more DUI's will be charged with felony DUI for a subsequent offense. Section 61-8-731, MCA. Any prior conviction "*must* be used for sentencing purposes." Section 61-8-734(1)(b), MCA (emphasis added). Prior convictions include those defined as such under Montana law, and violations of "a similar statute or regulation in another state." Section 61-8-734(1)(a), MCA.

¶24 Sirles attacks the District Court's use of his prior Wyoming DUI conviction on multiple grounds. Sirles first argues that the District Court should have taken notice of the Madison County Justice Court's disallowance of the 1999 conviction for sentence enhancement purposes. The District Court concluded that the "Madison County Justice Court is not a proper court for judicial notice to be taken." Sirles argues that "[t]his ruling is in direct contradiction to M. R. Evid. 202." Judicial notice *may* be taken of "records of any court of this state or of any court of record of the United States or any court of any state of the United States." M. R. Evid. 202(b)(6). Sirles acknowledges, however, the discretionary

7

nature of a court's decision to take judicial notice of court records. *Id.*; *State v. Fish*, 2009 MT 47, ¶ 16, 349 Mont. 286, 204 P.3d 681. The District Court did not abuse its discretion by refusing to take notice of the justice court determination.

¶25 Sirles argues in the alternative that the 1999 conviction suffered from procedural deficiencies that should have precluded consideration of it by the District Court for sentence enhancement purposes. A defendant who seeks to challenge the use of a prior conviction for sentence enhancement must overcome a "presumption of regularity" that attaches to prior convictions. *State v. Faber*, 2008 MT 368, ¶¶ 18, 28, 346 Mont. 449, 197 P.3d 941. A defendant may overcome the presumption of regularity by introducing "direct evidence" of irregularity. *Id.* at ¶ 18. Such "direct evidence" proves a fact without the necessity of an inference or presumption and which, if true, itself establishes that fact. *Id.*

¶26 Sirles introduced an affidavit enumerating the alleged procedural deficiencies of his 1999 Wyoming DUI conviction. Sirles also submitted copies of the unsigned Wyoming forms. Section 46-12-210, MCA, enumerates the procedural and notice requirements that must be satisfied before a defendant may accept a guilty plea. Sirles acknowledged that he had been advised of, and that he had understood, his constitutional rights, including the right to a jury trial and right to counsel. Sirles claims nonetheless that the unsigned forms implicate deficient process and a lack of proper notice.

¶27 A defendant's testimony that he does not recall the court having informed him of his right to counsel is not, by itself, sufficient to overcome the presumption of validity that attaches to his prior conviction. *State v. Ailport*, 1998 MT 315, ¶ 10, 292 Mont. 172, 970

8

P.2d 1044. Testimony regarding the routine practices of the convicting court in advising defendants of their constitutional rights constitutes substantive evidence on the issue of whether a particular defendant was advised of his right to counsel on a particular occasion. *Id.* The court advised Sirles of the process to which he was entitled. Sirles acknowledged having understood that process. The Wyoming court found that Sirles voluntarily had entered his plea and that Sirles had understood that he was waiving his constitutional rights.

¶28 The State presented the Wyoming justice court's notes and an affidavit and testimony from the clerk of court. The notes reflect that the court had advised Sirles of his rights and confirm that Sirles understood these rights. The notes further reflect that the court had appointed counsel, and that the court had advised Sirles that he was not required to pay restitution. The affidavit recited the regular practice of the court in advising defendants of their rights and administering the relevant forms. Sirles failed to overcome the presumption of regularity attached to the Wyoming conviction.

¶29 *Did the District Court correctly instruct the jury on the burden of proof and circumstantial evidence?*

¶30 Sirles claims that the District Court's jury instruction on circumstantial evidence improperly lessened the State's burden by allowing the jury to disregard the "beyond a reasonable doubt" standard in favor of a "most reasonable" standard. Due process requires that the State prove beyond a reasonable doubt the elements of a charged offense. *State v. Price*, 2002 MT 284, ¶ 33, 312 Mont. 458, 59 P.3d 1122. A jury instruction that requires "the accused to prove that which, by virtue of the definition of the crime, the prosecution is

9

required to prove beyond a reasonable doubt" impermissibly shifts the burden of proof from the State to the defendant. *Id.* at ¶ 36.

¶31 The District Court's circumstantial evidence instruction differentiated between direct and circumstantial evidence. In the case of circumstantial evidence susceptible of two reasonable interpretations, one pointing toward Sirles's guilt and the other toward his innocence, the court instructed the jury to determine which interpretation is "most reasonable." The instruction did not require Sirles to prove or disprove any of the elements of DUI. The instruction did not lessen the State's burden of proving its case beyond a reasonable doubt. The court's instruction merely clarified for the jury how it should resolve an evidentiary question. A district court has broad discretion in formulating jury instructions. *Schmidt,* ¶ 26. The instruction on circumstantial evidence did not prejudice Sirles's substantial rights.

¶32 *Did the District Court correctly dismiss the criminal trespass charge against Sirles?*

¶33 Sirles argues that the District Court invaded the province of the jury when it dismissed the criminal trespass charge against him. Sirles claims that the jury should have been allowed to weigh the evidence of trespass and reach its own conclusion. Sirles did request the District Court to allow trial testimony on the trespass issue. Sirles did not object, however, to the court's dismissal of the trespass charge. Sirles thus raises this claim for the first time on appeal.

¶34 We consistently have refused to entertain claims raised for the first time on appeal. *State v. Carter,* 2005 MT 87, ¶ 19, 326 Mont. 427, 114 P.3d 1001. We will entertain a claim

for the first time on appeal only where a defendant's substantial rights have been affected. Sirles understandably would have preferred a criminal trespass conviction to a DUI conviction. Sirles argues creatively that the charges are mutually exclusive. Sirles has failed to show any prejudice to his substantial rights, however, to justify our abandonment of the general rule that claims may not be raised for the first time on appeal. *Id.*

¶35 *Did the District Court properly deny Sirles's motion for a new trial?*

¶36 Sirles finally claims that the District Court improperly denied his motion for a new trial. Sirles based his motion on the comments of three jurors who indicated after the trial that they had "felt pressured" into returning a guilty verdict by the jury foreman. Sirles argues that the District Court created a conflict of law by first granting his request for a hearing under M. R. Civ. P. 50 and 60, and subsequently dismissing his motion for a new trial under § 46-16-702, MCA.

¶37 The District Court dismissed Sirles's motion for a new hearing on dual grounds. The District Court determined that Sirles's motion was untimely under § 46-16-702(2), MCA, because Sirles had filed the motion more than 30 days after the verdict. The District Court simultaneously dismissed Sirles's motion for a hearing on a new trial in light of the untimeliness of the motion. The District Court further determined that the affidavit provided by Sirles concerned matters related to the jury's internal deliberations and thus could not be considered by the court. M. R. Evid. 606. Sirles did not challenge the primary grounds for the District Court's denial of his motion – that the motion was untimely. The District Court acted within its discretion when it dismissed Sirles's motion for a new trial.

¶38 Affirmed.

/S/ BRIAN MORRIS

We Concur:


/S/ MIKE McGRATH
/S/ JAMES C. NELSON
/S/ MICHAEL E WHEAT
/S/ JIM RICE